UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-mc-00174-MOC-DCK

| | | |
|---|---|---|
| **JACQUELINE LEGUIA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BRIAN T. MOYNIHAN; and BANK OF AMERICA, NATIONAL ASSOCIATION,** | ) ) ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on review of plaintiff's *pro se* filing. Review of the pleadings reveals that plaintiff has attempted to file what is patently a civil action as a miscellaneous matter and has tendered the filing fee of $47 for a miscellaneous filing rather than the $400 fee for filing a civil action.

While well formulated pleadings can certainly provide guidance, the court's determination is not limited to labels a party may put on a pleading or instructions they may provide in letters accompanying pleadings. Instead, district courts are bound to "classify *pro se* pleadings … according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir.) (internal citation omitted), cert. denied, 540 U.S. 995 (2003)).

While plaintiff has labelled her pleading as "Nature of case: claim[,] claim: trespass [theft]; (verified)," (#1 at 1), the contents of that pleading contain: (1) a claim of wrongdoing against other parties; (2) a claim that she has been harmed by those actions; (3) a demand for damages against those parties; and (4) a demand for a jury trial. While no jurisdictional statement is contained in

that pleading, plaintiff demands in her accompanying letter that the Clerk "file my claim …with diversity."

Thus, the pleading now before the Court is patently a Complaint in a civil action as it seeks the award of damages against another party after trial by jury. Such a claim is well beyond the bounds of a miscellaneous matter as it requires resolution by a judge of this court.[1] Thus, plaintiff's attempt at filing her claim as a miscellaneous matter is inappropriate and the Court will direct that it be assigned a civil action number.

As a civil action, plaintiff is advised that the submitted fee of $47 is insufficient as the filing fee for a civil action is $400. If plaintiff cannot afford to pay that full amount, she is invited to submit an application for a fee waiver, or a partial fee waiver. Such a form is called an "In Forma Pauperis" application which is available from the Clerk of this Court. The Court will direct that a copy of such form be included with the copy of this Order, which the Clerk of Court will mail to plaintiff. The Court will allow plaintiff 30 days within which to either pay the remainder of the filing fee or file a request for a fee waiver, which will then be considered by a judge of this Court. Failure to take such action within the time provided may result in summary dismissal of this action.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Clerk of this Court terminate the miscellaneous action and assign this matter a civil action number. Plaintiff shall pay the remainder

---

1         Miscellaneous matters typically include Application to Perpetuate Testimony, Motions to Compel or Quash a Foreign Subpoena, Applications for Writs of Garnishment, Judgment Debtor Examinations, Registrations of Foreign Judgments, and Notices of Receivership.

of the $400 filing fee for a civil action or file an Application to Proceed *In Forma Pauperis* within 30 days of entry of this Order.

The Clerk of Court is directed to include in the mailing to the plaintiff a copy of the *In Forma Pauperis* Application.

Signed: September 13, 2018

Max O. Cogburn Jr
United States District Judge